**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC MEYER,<br><br>        Plaintiff,<br><br>  vs.<br><br>MANY, et al.<br><br>        Defendants. | Case No.: 3:19-cv-0574-GPC-AGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

  ERIC MEYER ("Plaintiff"), a psychiatric patient at Chicago Read Mental Health Center in Chicago, Illinois, and proceeding pro se, has filed this civil action using a form complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)

  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint, nor has he filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a).

/ / /

/ / /

/ / /

/ / /

## I. Failure to Pay Filing Fee or Request *IFP* Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

It is unclear whether Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), but if he is, he is further cautioned that he even if he files an *IFP* Motion and affidavit in compliance with § 1915(a)(2), he will nevertheless remain obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

If Plaintiff is a prisoner, he must also submit a "certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court will assess an initial payment of 20% of (a) the average

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

monthly deposits in Plaintiff's account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the Court will direct the institution having custody to collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a properly supported Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a), his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed *IFP* pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed *IFP* which complies with 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

(3) **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."[2] If Plaintiff fails to either prepay the $400 civil filing fee or fully complete and

---

[2] Plaintiff is cautioned that if he chooses to proceed further by submitting a properly supported Motion to Proceed *IFP*, his Complaint will be reviewed before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $400 filing fee at once, or is granted *IFP* status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court

submit the enclosed Motion to Proceed *IFP* within 45 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: April 8, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune).